IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANGELA CARNAHAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:22-cv-080-JDK |
| § | |
| ARGON MEDICAL DEVICES, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a workplace discrimination dispute. Plaintiff Angela Carnahan sued her former employer Defendant Argon Medical Devices, Inc. for age and sex discrimination, wrongful termination, and retaliation in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and the Texas Commission on Human Rights Act. Docket No. 1.

Argon moves to dismiss on various grounds. Docket No. 3. As explained below, the Court **GRANTS** the motion in part and dismisses the suit without prejudice for failure to state a claim.

I.

The factual allegations in Carnahan's complaint are sparse.

Carnahan alleges that she was employed by Argon for nineteen years, most recently as a production supervisor in guidewires. Docket No. 1 ¶¶ 8–9. At some point in her tenure, Carnahan's supervisor was Tyson Baker, "who would regularly

1

curse Carnahan and created a hostile environment." *Id.* ¶ 10. "Carnahan complained of the abuse by Tyson Baker without success." *Id.* ¶ 11.

Carnahan also alleges that she was "ridiculed" for missing a "business unit meeting" due to illness on September 3, 2019. *Id.* ¶¶ 13–14, 16. "Thereafter Argon began to 'paper' the file of Carnahan to create a decision to terminate for pre-textual reasons." *Id.* ¶ 15. Carnahan alleges she was "regularly denied time off, vacation time, and ordinary job benefits without reason" in an attempt to get her to quit and that "Riley Henson, a male, took over the department [Carnahan] had previously organized." *Id.* ¶¶ 12, 17. On September 9, 2019, Carnahan was terminated "for alleged insubordination." *Id.* ¶ 17–18.

Carnahan later filed a charge of employment discrimination with the Texas Workforce Commission ("Commission") and the U.S. Equal Opportunity Commission ("EEOC"). *Id.* ¶ 20. After exhausting her administrative remedies, Carnahan filed the present suit on February 28, 2022. *Id.*

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." "[C]laims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Claims may also be dismissed if the plaintiff fails to plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Such "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must "make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

In evaluating a Rule 12(b)(6) motion, the Court must "accept as true all well pleaded facts in the complaint." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

### III.

Argon moves to dismiss for failure to (1) satisfy the statutes of limitations, (2) exhaust administrative remedies, and (3) plead sufficient facts to raise a plausible claim for relief. As explained below, the Court rejects the first and second arguments but concludes that Carnahan has failed to plead enough facts to state a plausible claim.

### A.

Argon argues that Carnahan's claims are untimely under two separate statutes of limitations.

### 1.

Argon first cites the Texas Commission on Human Rights Act ("TCHRA"), which requires that suits under the Act be filed within two years of filing a charge of discrimination with the Commission. TEX. LABOR CODE § 21.256. Argon argues that

3

Carnahan's charge was dated February 6, 2020—more than two years before this lawsuit was filed on February 28, 2022.

But Carnahan has submitted an affidavit from her counsel stating that he did not file the charge until March 9, 2020. Docket No. 7, Ex. A ¶ 2. And "[t]he text of the Texas Labor Code is clear: the statute of limitations begins running on the day that 'the complaint relating to the action is *filed*.'" *Sharma v. Amazon Web Servs., Inc.*, 2022 WL 1643961, at *2 (N.D. Tex. May 24, 2022) (quoting TEX. LABOR CODE § 21.256). Argon cites *Bourgeois v. Nalco Chemical Company*, in which the court presumed that a charge was filed on the date it was signed. 2002 WL 31001792 (E.D. La. Sept. 3, 2002). But in that case, "there [was] no evidence of the filing date." *See id.* at *3 n.2. Not so here.

Accordingly, because Carnahan filed her lawsuit here within two years of March 9, 2020, the suit is timely under the TCHRA.

**2.**

Argon next cites 41 U.S.C. § 2000e-5(e)(1), which requires a plaintiff asserting a claim under the Age Discrimination in Employment Act ("ADEA") or Title VII of the Civil Rights Act to file a charge of discrimination with the EEOC "within [300] days after the alleged unlawful employment practice occurred." § 2000e-5(e)(1); *see also* 29 U.S.C. § 626(d)(1) (establishing administrative procedures under the ADEA); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (holding that the ADEA incorporates Title VII's administrative procedures by reference).[1] Because Carnahan

---

[1] The 300-day limitations period applies to complainants who "initially instituted proceedings with a

4

filed her charge on February 6, 2020, Argon argues, "any claims based on alleged actions occurring before April 12, 2019 (300 days prior to the Charge) are time-barred." Docket No. 3 at 7–8.[2]

The 300-day time bar applies to each "discrete act" of discrimination. *See Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 377 F. App'x 346, 349 (5th Cir. 2010) (per curiam). "Discrete acts" are "easily identifiable incidents, including termination, failure to promote, denial of transfer, and refusal to hire." *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). Here, the only identifiable incidents in the complaint are the September 3, 2019 business unit meeting and Carnahan's September 9, 2019 termination. *See* Docket 1 ¶¶ 13, 18. Carnahan filed her charge within 300 days of both incidents.

Argon acknowledges that it is unable to determine when any other "alleged adverse actions supposedly occurred." Docket No. 3 at 8. Insofar as Carnahan's claims may be based on additional discrete acts not specified in the complaint, the problem is not untimeliness but a failure to allege sufficient facts, which the Court discusses below. *See Neal v. Malakoff Indep. Sch. Dist.*, 2021 WL 3828698, at *3 (E.D. Tex. Aug. 4, 2021), *R & R adopted*, 2021 WL 3824809 (E.D. Tex. Aug. 26, 2021)

---

State or local agency." 42 U.S.C. § 2000e-5(e)(1). Complainants who do not file a charge with a state agency, however, must file their EEOC charge within 180 days of the allegedly unlawful employment practice. *Id.* Here, because Carnahan filed her charge with both the EEOC and the Commission, the 300-day limitations period governs. *See* Docket No. 3, Ex. A; *see also Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994) (holding that the EEOC's acceptance of a charge addressed to both federal and state employment discrimination agencies satisfies the requirements of § 2000e-5(e)(1)).

[2] As explained above, Argon wrongly assumes that the charge was filed on February 6, 2020. Because the Court has concluded that the charge was filed on March 9, 2020, the 300-day window includes all actions taken after May 14, 2019.

(explaining that a complaint must include sufficient factual allegations to show an EEOC charge was timely).

* * *

Argon's motion to dismiss based on the statutes of limitations is **DENIED**.

**B.**

Argon next argues that any claims arising out of alleged disparate treatment, a hostile work environment, or discrimination in job benefits should be dismissed for failure to exhaust administrative remedies because Carnahan did not include these allegations in the charge filed with the EEOC and the Commission. Docket No. 3 at 9. But the exhaustion requirement is not so strict.

To be sure, a plaintiff may not bring an employment discrimination suit before filing a charge with the EEOC or the Commission and exhausting administrative remedies. *See* 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII); TEX. LABOR CODE § 21.202(a) (TCHRA). "For this reason, the scope of the charge determines the scope of any subsequent litigation." *Gilbreath v. Brookshire Grocery Co.*, 400 F. Supp. 3d 580, 588 (E.D. Tex. 2019) (citing *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)). But the requirement to "exhaust is not a procedural 'gotcha' issue." *McClain*, 519 F.3d at 272. Instead, a charge must be filed to "trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006).

Because most complaints are initiated pro se, moreover, "the scope of an EEOC complaint should be construed liberally." *Id.* at 788. Thus, an employment

6

discrimination "cause of action 'may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations.'" *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (quoting *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)). A charge is related if it "could reasonably be expected to grow out of the initial charges of discrimination." *Id.* (quoting *Fellows*, 701 F.2d at 451). Determining what claims could grow out of the EEOC investigation requires "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and [a] look slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789 (citing *Fellows*, 701 F.2d at 451).

Carnahan's administrative charge states generally that she was "discriminated against due to [her] sex, age[,] and for opposing unlawful employment practices." Docket No. 3, Ex. A. Carnahan's more specific factual allegations include that "[a] male named Riley Henson was treated more favorably" and that Tyson Baker "would constantly curse" at Carnahan. *Id.* The charge also states that the reason for her termination was "not true." *Id.* Argon contends that Carnahan's charge "says nothing about her complaining . . . about supposed disparate treatment." Docket No. 3 at 9. But Carnahan stated in her charge that Henson "was treated more favorably" and that she was discriminated against for "opposing unlawful employment practices." Docket No. 3, Ex. A. That is sufficient to cover disparate treatment. *See Lewis-Smith v. Baylor Reg'l Med. Ctr. at Plano*, 2021 WL 1090746,

7

at *3 (E.D. Tex. Mar. 19, 2021) (holding that charge of discrimination is sufficient to exhaust claim).

Argon also argues that the charge fails to allege a hostile work environment. But Carnahan stated in the charge that Baker "would constantly curse me," which may, depending on the severity, be another way of saying that Baker created a hostile work environment for Carnahan. Further, an investigation into Baker's "constant[] curs[ing]" would likely uncover allegations of a hostile work environment. *See Fine*, 995 F.2d at 578; *McClain*, 519 F.3d at 274 ("Since 1970, the caselaw has explained that the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (cleaned up)).

Finally, Argon asserts that the charge fails to allege discrimination in job benefits. But once again, the charge includes broad statements of discrimination and preferential treatment for other employees. Discrimination in job benefits could "grow out of" that charge. *Fine*, 995 F.2d at 578; *see also Pacheco*, 448 F.3d at 789 (instructing courts to "look slightly beyond [the] four corners" of the charge). Although it is unclear whether the benefits referenced in Carnahan's complaint are in fact related to the charged preferential treatment, Carnahan may be able to clarify this issue through an amended complaint.

Accordingly, Argon's motion to dismiss based on failure to exhaust administrative remedies is **DENIED**.

## C.

Finally, Argon moves to dismiss the complaint for failure to plead a plausible claim for relief. Docket No. 3 at 10–18. As noted above, while "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Complaints alleging workplace discrimination "need not plead a prima facie case," but they are "not exempt from [their] obligation to 'allege facts sufficient to state all the elements of [their] claim.'" *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014) (quoting *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 370 (5th Cir. 2008)). In determining whether a plaintiff has pleaded "sufficient facts on all of the ultimate elements" to raise a plausible claim, "it can be *helpful to reference*" the prima facie elements. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) (emphasis added).

As explained below, Carnahan's complaint lacks sufficient detail to state a plausible claim.

### 1.

To state a prima facie case of age discrimination under the ADEA and TCHRA, Carnahan must allege that she was (1) a member of a protected class, (2) qualified for her position, (3) subject to adverse employment action, and (4) treated less

favorably than someone outside the protected class or due to her membership within it. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 & n.2 (5th Cir. 2015).

Here, Carnahan fails to allege enough to satisfy the fourth element. Nowhere does the complaint state, for example, that a younger employee received better treatment than Carnahan because of his or her age. The complaint mentions only two Argon employees—Tyson Baker and Riley Henson—but never specifies their age. *See* Docket No. 1 ¶¶ 10, 12. In responding to Argon's motion to dismiss, Carnahan refers to these employees as being "young" or "younger," *see* Docket No. 6 ¶ 22, but it is well settled that a plaintiff cannot amend her complaint through a response brief. *See, e.g.*, *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013). The failure to plead sufficient facts to state this element is fatal to Carnahan's age discrimination claim. *See, e.g.*, *Chhim*, 836 F.3d at 470 (citing *Haskett v. T.S. Dudley Land Co.*, 648 F. App'x 492, 495 (5th Cir. 2016) (unpublished)).

### 2.

The four elements of a prima facie case of sex discrimination are the same as a claim for age discrimination—the plaintiff was (1) a member of a protected class, (2) qualified for her position, (3) subject to adverse employment action, and (4) treated less favorably than someone outside the protected class or due to her membership within it. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Although the complaint does not clearly identify which actions Carnahan alleges were adverse employment actions, Argon contends that only claims for hostile work environment and wrongful termination are cognizable under Title VII and Texas law. *See* Docket No. 3 at 13–16. Carnahan does not argue otherwise.

To establish a hostile work environment claim, "the harassment must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Stone*, 590 F. App'x at 340 (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). Here, there is no indication that Carnahan's mistreatment was severe or pervasive. The complaint states that Baker would "regularly curse" Carnahan, but this is too vague and nonspecific. *See* Docket No. 1 ¶ 10. And the conclusory statement that Baker "created a hostile environment" does not save the pleading. *See Iqbal*, 556 U.S. at 678. Further, nothing in the complaint indicates that Carnahan was "curse[d] or "ridiculed" *because* of her sex. *See* Docket No. ¶ 10, 11.

Carnahan's claim of wrongful termination fares no better. While the complaint states that Henson "took over the department" from Carnahan, it is unclear whether Carnahan was still employed by Argon when this occurred, or if she was terminated or demoted to create an open position. *See id.* ¶ 12. In short, Carnahan's "complaint and speculation d[oes] not allege any facts, direct or circumstantial, that would suggest" that Argon's actions were based on Carnahan's sex or that Argon treated similarly situated male employees more favorably than Carnahan. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

### 3.

The elements for a retaliation claim are: "(1) [that the employee] engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment decision." *Jenkins v. Louisiana Workforce*

11

*Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017).  Here, there are no allegations that Carnahan participated in a protected activity.  The complaint states that Carnahan "questioned" her treatment after missing a business unit meeting, *see* Docket No. 1 ¶ 16, and "questioned [her] disparate treatment," *id.* ¶ 17.  But the complaint provides no detail about those discussions—no information about the person Carnahan "questioned" and what she said.  The Court is therefore unable to determine from these brief sentences whether Carnahan was engaging in an activity protected by Title VII.  *See, e.g.*, *Jenkins*, 713 F. App'x at 246 ("An employee's complaint to her employer that is vague, 'without any reference to an unlawful employment practice under Title VII, does not constitute protected activity.'" (quoting *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015))).

\* \* \*

In sum, the complaint lacks factual information raising a reasonable inference that Argon discriminated against Carnahan based on her age or sex, or that she participated in a protected activity.  Accordingly, the complaint must be **DISMISSED**.  Nevertheless, because this is Carnahan's first at attempt pleading, the Court will provide her leave to refile.  *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (noting plaintiffs should generally be granted leave to amend to remedy pleading failures).

## IV.

For the reasons discussed above, Argon's motion to dismiss is **GRANTED in part**.  Docket No. 3.  The complaint is **DISMISSED** without prejudice for failure to state a claim.  Carnahan may file an amended complaint to cure the deficiencies

discussed above within **14 days of the date of this Order**.  The failure to replead will result in a dismissal of the action.

    So **ORDERED** and **SIGNED** this **1st**   day of **July, 2022.**

                                                JEREMY D. KERNODLE
                                                UNITED STATES DISTRICT JUDGE