IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |  |
|---|---|---|
| ANGELA CARNAHAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-080-JDK |
| ARGON MEDICAL DEVICES, INC., | § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

This is the second time the Court has addressed Plaintiff Angela Carnahan's employment discrimination claims against Defendant Argon Medical Devices, Inc.  In its prior order, the Court dismissed all of Carnahan's claims and allowed her to cure the deficiencies and replead.  *Carnahan v. Argon Med. Devices, Inc.*, 2022 WL 2392312, at *6 (E.D. Tex. July 1, 2022).

On July 15, 2022, Carnahan filed an amended complaint.  Docket No. 10.  Argon has again moved to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Docket No. 13.  For the reasons explained below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Argon's motion to dismiss.

**I.**

Carnahan is a former employee of Argon, a "global manufacturer of specialty medical products."  Docket No. 10 ¶ 6.  Argon terminated Carnahan's employment on

September 9, 2019.  *Id.* ¶ 21.

Carnahan's original complaint alleged violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE §§ 21.001, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*  Docket No. 1 ¶ 21. Specifically, Carnahan alleged that Argon unlawfully discriminated against her on the basis of sex and age, created a hostile work environment, and retaliated against her after she complained to a supervisor.  *Id.* ¶¶ 10, 21.

Argon moved to dismiss all claims.  Docket No. 3.  It argued that Carnahan's complaint was fatally flawed for three reasons:  (1) her state-law claims were time-barred, (2) she failed to exhaust administrative remedies, and (3) she failed to plead sufficient facts.  *Id.* at 1.  The Court rejected Argon's first and second arguments, but agreed that Carnahan failed to plead enough facts to state a plausible claim for relief. *Carnahan*, 2022 WL 2392312, at *3–5.  The Court dismissed the original complaint and granted Carnahan leave to refile to cure the deficiencies.  *Id.* at *6.

Carnahan's amended complaint alleges the same unlawful employment practices but includes additional factual allegations.  *Compare* Docket No. 1, *with* Docket No. 10.  Argon has again moved to dismiss the amended complaint under Rule 12(b)(6).  Docket No. 13.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted."  Claims may

be dismissed if the plaintiff fails to plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must "make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

In evaluating a Rule 12(b)(6) motion, the Court must "accept as true all well pleaded facts in the complaint." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).

### III.

Argon moves to dismiss Carnahan's four claims. Docket No. 13 at 5–15. The Court addresses each claim in turn.

### A.

Carnahan alleges discrimination based on sex and age. Docket No. 10 ¶ 24. The Court looks to the *McDonnell Douglas* burden-shifting framework to determine whether Carnahan has plausibly alleged the ultimate elements of her discrimination claims. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); *see also Carnahan*, 2022 WL 2392312, at *4.

Under that framework for a Title VII sex-discrimination claim, a plaintiff must allege "(1) that she is a member of a protected class; (2) she was qualified for the position sought; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than

other similarly situated employees outside her class." *Newbury v. City of Windcrest*, 991 F.3d 672, 679 (5th Cir. 2021) (quoting *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013)). A sex-discrimination claim under the TCHRA requires the same elements. *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633 (Tex. 2012)).

In its previous order, the Court noted that the original complaint failed to allege the third and fourth elements. *Carnahan*, 2022 WL 2392312, at *5. Carnahan's amended complaint clarifies that she suffered discriminatory termination, satisfying element three. Docket No. 10 ¶ 22; *see Stroy v. Gibson on behalf of Dep't of Veterans Affs.*, 896 F.3d 693, 699 (5th Cir. 2018) ("Adverse employment actions are ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave, and compensating." (cleaned up)). And the complaint further states that Carnahan was replaced by Mitch Jones, a male, thus fulfilling the fourth element.

Accordingly, Carnahan has sufficiently stated a sex discrimination claim, and the Court therefore **DENIES** Argon's motion to dismiss this claim. *Kenyon v. Riverhill Country Club, Inc.*, 2008 WL 11334936, at *3 (W.D. Tex. Aug. 15, 2008) (denying motion to dismiss where qualified female was fired and replaced by male); *see also Cicalese*, 924 F.3d at 767–68 (explaining that the *McDonnell Douglas* prima facie elements are helpful in determining whether plaintiff has sufficiently alleged the ultimate elements of discrimination).

**B.**

The prima facie elements of an age discrimination claim under the ADEA and TCHRA are largely the same as above: Carnahan must allege that she was (1) a member of a protected class, (2) qualified for her position, (3) subject to adverse employment action, and (4) treated less favorably than someone outside the protected class or due to her membership within it. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 & n.2 (5th Cir. 2015) (TCHRA); *Wright v. United Parcel Serv., Inc. (Ohio)*, 842 F. App'x 869, 872 (5th Cir. 2021) (ADEA).  Only the fourth element is at issue.

The Court previously dismissed Carnahan's age discrimination claim because she failed to allege that she was treated less favorably than a younger employee. *Carnahan*, 2022 WL 2392312, at *4.  The original complaint mentioned two Argon employees—Tyson Baker and Riley Henson—but never specified their ages or stated that they were younger than Carnahan.  *See id.*; Docket No. 1 ¶¶ 5–19.  In her amended complaint, Carnahan provides both employees' ages:  Baker was "36–37 years of age," Docket No. 10 ¶ 10, and Henson was around 23, *see id.* ¶ 11.  Further, Carnahan alleges that Mitch Jones, around 25 years of age, replaced her after her termination.  Docket No. 10 ¶ 22.

Carnahan has now sufficiently alleged the fourth element.  *Breaux v. Rosemont Realty*, 768 F. App'x 275, 278 (5th Cir. 2019) (A plaintiff adequately alleges this element when he alleges he was "replaced by someone younger."); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004); *Turner*, 2022 WL 4082461, at *3; *see*

5

*also Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) (finding a plaintiff successfully alleged age discrimination where he was fired after a workplace accident and "younger employees" were not); *Turner*, 2022 WL 4082461, at *3 (same where a plaintiff alleged "he was replaced by someone 20 years younger"); *Espina v. City of San Antonio*, 2022 WL 3362286, at *8 (W.D. Tex. Aug. 15, 2022) (same where a plaintiff in her early 50's alleged she was "replaced on a . . . project with a younger team member").

Accordingly, the Court **DENIES** Argon's motion to dismiss Carnahan's age discrimination claim.

## C.

To state a claim of hostile work environment under Title VII, Carnahan must allege that

> (1) she belongs to a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and did not take prompt remedial action.

*Reine v. Honeywell Int'l Inc.*, 362 F. App'x 395, 397 (5th Cir. 2010). Previously, the Court dismissed Carnahan's claim because she failed to sufficiently allege elements three and four. *Carnahan*, 2022 WL 2392312, at *5. To remedy the prior deficiencies, Carnahan's amended complaint adds two quotes from her supervisor Tyson Baker in which he curses at Carnahan and suggests that she may lose her job if production does not improve.[1]   Docket No. 10 ¶¶ 15, 18.   Argon argues that the amended

---

[1]  Carnahan alleges that Baker would "regularly state" to Carnahan, "What the f*uck [sic] Angie, when

complaint still fails to sufficiently state a claim.  Docket No. 13 at 12–15.  The Court agrees.

Although Carnahan has added some detail about Baker's treatment of her, nothing in the amended complaint suggests that Baker mistreated Carnahan based on her sex, as required by element three.  *Ellis v. Principi*, 246 F. App'x 867, 871 (5th Cir. 2007) (per curiam) (plaintiff's allegations did not sufficiently state a hostile work environment claim because they "do not contain any connection, either explicit or implicit, between her membership in a protected class and the alleged activity").  Carnahan says Baker was younger and a male, Docket No. 14 at 12, but that is insufficient.  *Roberts v. Unitrin Specialty Lines Ins. Co.*, 2008 WL 3832223, at *13 (N.D. Tex. Aug. 14, 2008) ("Roberts cannot connect the events that occurred at her workplace to her gender. Her perception that they were because she was female and they were male is not enough.").

Further, the new statements by Baker, though crude, do not satisfy the fourth element.  Under that element, the work environment must be "sufficiently *severe or pervasive* to alter the conditions of the victim's employment."  *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007) (emphasis added).  Carnahan's complaint describes at most an unpleasant relationship with a supervisor, insufficient to state a claim under Title VII.  *Dixon v. Henderson*, 186 F. App'x 426, 428 (5th Cir. 2006) (per curiam) (affirming lower court's denial of plaintiff's hostile

---

are you going to get your F*cking department under control?"  Docket No. 10 ¶ 15.  Further, after she missed a meeting, Baker allegedly said, "If our number don't come up, we won't be getting a bonus at the end of the year."  *Id.* ¶ 18.  And "Angie, you want to keep your new truck and new house don't ya?"  *Id.*

work environment claim, because the "alleged mistreatment was caused by a personality conflict with his supervisor, not animus based upon race or gender"); *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 n.4 (5th Cir. 2012) ("Slights . . . that often take place at work and that all employees experience, personality conflicts at work that generate antipathy, and snubbing by supervisors and co-workers are not actionable under Title VII." (cleaned up)); *Webb v. Randall's Flagship*, 2011 WL 2565347, at *3 (S.D. Tex. June 27, 2011) (dismissing a hostile work environment claim where plaintiff alleged her manager "hollered and cursed at her"); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (noting that the standards for hostile work environment are to ensure "Title VII does not become a 'general civility code.'"). Carnahan, moreover, does not allege that the statements interfered with a term or condition of her work. *Trevino v. SAIA Motor Freight Line, LLC*, 2021 WL 1009317, at *5 (N.D. Tex. Jan. 26, 2021), *report and recommendation adopted*, 2021 WL 977096 (N.D. Tex. Mar. 16, 2021) (dismissing hostile work environment claim where plaintiff failed to state any facts suggesting comments interfered with his work).

Accordingly, the Court **GRANTS** Argon's motion to dismiss Carnahan's hostile work environment claim.

## D.

The elements for a retaliation claim are: "(1) [that the employee] engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the protected

activity and the adverse employment decision." *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017).

The Court previously dismissed Carnahan's retaliation claim because she failed to allege that she participated in a protected activity. *Carnahan*, 2022 WL 2392312, at *5. Carnahan alleged only that she had "questioned" her treatment after missing a business meeting, but she provided no facts about who was present or what was said. *Id.* (quoting Docket No. 1 ¶¶ 16–17).

Carnahan's amended complaint alleges that Carnahan spoke with Human Resources Director Bonnie Best about being cursed at by Baker. Docket No. 10 ¶¶ 13–14. But complaining about cursing alone is not a protected activity. A protected activity is opposing a practice the employee "reasonably believed" to be unlawful under Title VII. *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th Cir. 2021), *as revised* (Nov. 26, 2021); *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130 (5th Cir. Unit A Sept. 1981) (adopting the reasonable belief standard). And, here, Carnahan fails to allege that Baker's cursing was unlawful—or that she reasonably believed it to be unlawful. *Gonzales v. Wells Fargo Bank, Nat'l Ass'n*, 733 F. App'x 795, 798 (5th Cir. 2018) (no protected activity where a plaintiff failed to show she reasonably believed the hostile environment was because of her protected characteristic); *Walker v. Univ. of Tex. Med. Branch-Galveston*, 2018 WL 3850827, at *3 (S.D. Tex. July 3, 2018), *report and recommendation adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018) (same where plaintiff failed to allege facts "to show that her race or color" were the basis for her unfair treatment); *Evans v. Tex. Dep't of Transp.*,

547 F. Supp. 2d 626, 654 (E.D. Tex. 2007) (same where, although plaintiff complained of "a purportedly hostile work environment, at no time did she suggest that [her coworker's] conduct was related to [her] race, sex, age, disability, or other characteristic protected by Title VII.").

The Court thus **GRANTS** Argon's motion to dismiss Carnahan's retaliation claim.

## IV.

In sum, the Court **GRANTS** Argon's motion to dismiss Carnahan's hostile work environment and retaliation claims.  These claims are **DISMISSED** without prejudice.  The Court **DENIES** Argon's motion to dismiss Carnahan's sex and age discrimination claims.

So **ORDERED** and **SIGNED** this **29th** day of **December, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE